R & T LAW,
A Limited Liability Law Company

LEAH M. REYES                    7463-0
Pioneer Plaza
900 Fort Street Mall, Suite 1602
Honolulu, Hawaii 96813
Telephone: (808) 784-2465
Fax: (808) 525-5672
Email:   lreyes@rtlawhawaii.com

Attorney for Plaintiff
ISLAND INSURANCE COMPANY, LTD.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ISLAND INSURANCE COMPANY, LTD., a Hawaii corporation, | CIVIL NO. 1:25-cv-00274_____ (Contract) |
| Plaintiff, | COMPLAINT FOR DECLARATORY JUDGMENT; EXHIBITS "A" – "D"; SUMMONS |
| vs. | |
| HISCOX INSURANCE COMPANY INC., | |
| Defendant. | |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff ISLAND INSURANCE COMPANY, LTD., by and through its

attorney R & T Law, LLLC, for its Complaint for Declaratory Judgment against

Defendant HISCOX INSURANCE COMPANY INC., alleges and avers as follows:

**PARTIES**

1.      Plaintiff ISLAND INSURANCE COMPANY, LTD., ("Plaintiff Island") is and was at all relevant times herein, a company organized under the laws of the State of Hawai`i, with its principal place of business in Honolulu, Hawai`i.

2.      Defendant HISCOX INSURANCE COMPANY INC., ("Defendant Hiscox") is and was at all relevant times herein, an Illinois domiciled insurer, with its principal place of business in Chicago, Illinois.

**JURISDICTION AND VENUE**

3.      Jurisdiction exists in this Court pursuant to the provisions of 28 U.S.C. §1332 inasmuch as there is diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4.      This is an action for declaratory judgment pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §2201, for purposes of determining an actual controversy between the parties.

5.      Venue in this jurisdictional district is proper under 28 U.S.C. §1391(b)(2), as all or a substantial part of the events giving rise to this action, as described herein, occurred within the District of Hawai`i.

## **NATURE OF ACTION**

6.    This is an action by Plaintiff Island, an insurance carrier, seeking a declaration of Defendant Hiscox's rights and duties under a certain Commercial General Liability policy and Insurance for Real Estate and Property Managers Professionals policy issued by Defendant Hiscox to Peake & Levoy, LLC ("Peake & Levoy").

7.    Plaintiff Island seeks judgment in its favor that Defendant Hiscox has an immediate duty to participate in and contribute an equitable allocated share to Plaintiff Island's defense and indemnification of Peake & Levoy against claims asserted against it in the Underlying Lawsuit as described herein below.

## **THE UNDERLYING LAWSUIT**

8.    On March 26, 2024, Jacqueline Perreira ("Perreira"), filed a Complaint in the Circuit Court of the Second Circuit, State of Hawai`i styled: <u>Jacqueline Perreira v. The Empanada Lady LLC et al.</u>, Civil No. 2CCV-24-0000099 against Peake & Levoy, The Empanada Lady LLC ("Empanada Lady"), Holmes Family LLC ("Holmes Family") and DOE Defendants (hereinafter referred to as the "Underlying Complaint" and/or "Underlying Lawsuit").    A copy of the Underlying Complaint is attached and made a part hereof as Exhibit "A".

3

9.   The Underlying Complaint alleges: The Empanada Lady LLC owned and operated a restaurant located at 2119 Vineyard Street, Wailuku, Hawai`i (the "Restaurant"); Holmes Family LLC owned and controlled the commercial property the restaurant was located on and an adjacent parking lot ("Subject Premises"); and Peake & Levoy served as the property management company for the Subject Premises.

10.   The Underlying Complaint alleges that on or about May 5, 2023, Perreira, a visitor to the Restaurant was leaving the Restaurant through a marked exit doorway to reach the adjacent parking lot when she "slipped on a faulty walkway made of plywood and fell to the ground" (the "Subject Accident").

11.   The Underlying Complaint alleges the Subject premises had neither overhead nor ground-level lighting, and there were "no cones, flags, ribbons, or other methods of warning posted to alert those lawfully on or leaving the Subject Premises that the exit walkway was unstable or defective."

12.   The Underlying Complaint alleges Perreira sustained substantial bodily injury, resulting in damages.

13.   The Underlying Complaint alleges Empanada Lady, Holmes Family and Peake & Levoy were "responsible for the upkeep, maintenance, monitoring, and/or warnings with respect to the Subject Premises;" "had a duty to [Perreira] to

4

protect her from any hazards on the Subject Premises;" "knew or should have known of the unreasonable risk of harm presented by the damaged and/or unstable plywood walkway; and negligently breached their duty to Perreira and the injuries she sustained were directly and proximately caused by such negligence.

14.    The Underlying Complaint alleges the negligence of Holmes and Peake & Levoy consisted of among other things the following:

a.    Allowing an unstable or defective plywood walkway to exist between the restaurant and parking lot on the Subject Premises;

b.    Failing to repair the damaged and/or unstable plywood walkway;

c.    Failing to limit access to the plywood walkway due to the damaged and/or unstable plywood walkway;

d.    Creating an unreasonable risk of harm on the Subject Premises;

e.    Permitting an unreasonable risk of harm to exist on the Subject Premises;

f.    Failing to properly inspect, monitor, supervise, maintain, or otherwise oversee its property so as to repair or eliminate the damaged and/or unstable plywood walkway to prevent and unreasonable risk of harm;

g.    Failing to eliminate the unreasonable risk of harm; and

h.    Failing to warn, advise, cone, or otherwise provide notice to [Perreira] regarding the unreasonable risk of harm.

15.    The Underlying Complaint prays for general, special and exemplary damages, the cost of suit, pre-judgment and post-judgment interest.

## BACKGROUND

16.    Upon information and belief, on January 1, 2009, Peake & Levoy executed a Commercial Property Management Agreement with Holmes Family as "Owner", whereby Peake & Levoy was appointed exclusive Agent of Holmes Family for the Subject Premises ("Property Management Agreement").

17.    Upon information and belief, under the Property Management Agreement Peake & Levoy agreed to perform and/or provide certain Facilities Management, Administrative Management, Tenant Relations and Finance Management services for the Subject Premises.

18.    Plaintiff Island issued to Holmes Family, Commercial General Liability insurance policy no. ILX9726760-01, for the policy period from April 18, 2023 to April 18, 2024 (the "Island Policy").   Attached hereto and made a part hereof as Exhibit "B" are true and correct relevant excerpts from the Island Policy.

19.    Upon information and belief, Defendant Hiscox issued to Peake & Levoy Commercial General Liability insurance policy no. UDC-5195264-CGL-22 for the policy period from July 1, 2022 to July 1, 2023 ("Hiscox CGL Policy"). Attached hereto and made a part hereof as Exhibit "C" are true and correct relevant excerpts from the Hiscox CGL Policy.

20.     Upon information and belief, Defendant Hiscox issued Peake & Levoy Insurance for Real Estate and Property Managers Professionals policy no. MPL1222510.21 for the policy period beginning July 1, 2022 to July 1, 2023 ("Hiscox PL Policy").   Attached hereto and made a part hereof as Exhibit "D" are true and correct relevant excerpts from the Hiscox PL Policy.

21.     Peake & Levoy tendered its defense against the Underlying Complaint to Plaintiff Island as an additional insured under the Island Policy.

22.     Plaintiff Island agreed, under a reservation of rights, to defend Peake & Levoy against the Underlying Complaint.

23.     In its June 10, 2024 letter to Peake & Levoy, Plaintiff Island informed Peake & Levoy that it would participate in Peake & Levoy's defense in connection with the Underlying Complaint, advised Peake & Levoy of the coverage issues relative to claims contained in the Underlying Complaint, and reserved all of Plaintiff Island's rights in connection with the Island Policy.

24.     On April 24, 2025, Plaintiff Island notified Defendant Hiscox of the Underlying Complaint and claims asserted against Peake & Levoy therein. Plaintiff Island advised Defendant Hiscox that it has a duty under the Hiscox CGL Policy and Hiscox PL Policy (hereinafter collectively referred to as the "Hiscox Policies") to defend its named insured Peake & Levoy against the Underlying

Complaint.   Plaintiff Island demanded Defendant Hiscox participate in and contribute equally to the defense of Peake & Levoy in the Underlying Lawsuit.

25.    Defendant Hiscox failed to accept or reject Plaintiff Island's demand that Defendant Hiscox participate in and contribute equally to the defense of Peake & Levoy in the Underlying Lawsuit.

26.    By letter dated June 2, 2025, Plaintiff Island again demanded Defendant Hiscox immediately contribute equally to the defense of Peake & Levoy in the Underlying Lawsuit.

27.    Defendant Hiscox continues to fail to accept or reject Plaintiff Island's demand that Defendant Hiscox participate in and contribute equally to the defense of Peake & Levoy in the Underlying Lawsuit.

28.    In addition to the duty to defend Peake & Levoy in the Underlying Lawsuit, Defendant Hiscox is obligated under the terms of the Hiscox CGL Policy and/or Hiscox PL Policy to indemnify Peake & Levoy against the claims contained in the Underlying Complaint.

## THE ISLAND POLICY

29.    The Island Policy includes *Commercial General Liability Coverage Form* Form CG 00 01 07 98 (hereinafter referred to as the "Coverage Form").

30.    Bodily Injury and Property Damage liability coverage is provided according to the Island Policy's *Amendment of Insuring Agreement – Known Injury or Damage* Coverage Form CG 00 57 09 99, *SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement*, which states in relevant part:

> a.    *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.   We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damages" to which this insurance does not apply.   We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.*
>
> . . .
>
> b.    *This insurance applies to "bodily injury" and "property damage" only if:*
>
> > (1)    *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and*
> >
> > (2)    *The "bodily injury" or "property damage" occurs during the policy period.*

31.    *Section V – Definitions* of the Coverage Form, defines "bodily injury", "occurrence" and "property damage" as follows:

> 3.    *"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*

9

. . .

13.   *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

. . .

17.   *"Property damage" means:*

a.   *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

b.   *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

32.   *SECTION II – WHO IS AN INSURED* of the Coverage Form states in relevant part:

2.   *Each of the following is also an insured:*

. . .

b.   *Any person (other than your "employee"), or any organization while acting as your real estate manager.*

33.   Under the Island Policy's NON-CONTRACTORS AUTOMATIC ADDITIONAL INSURED ENDORSEMENT FORM, Form IIC 30 12 10 20, Section II – Who Is An Insured is modified in relevant part as follows:

B.   *Miscellaneous Additional Insureds*

1.   *Section II – Who Is An Insured is amended to include as an additional insured any person or organization (referred to as additional insured) . . . whom you are required to add as an*

10

*additional insured on this policy under a written lease, written contract, written agreement, or written government permit or authorization, provided the written lease, written contract, written agreement, or written government permit or authorization was:*

a.      *Executed or issued prior to the "bodily injury", "property damage" or offense causing "personal and advertising injury"; and*

b.      *In effect at the time of the "bodily injury", "property damage" or offense causing "personal and advertising injury"; and*

2.     *Only the following persons or organizations are additional insureds under this endorsement, and coverage provided to such additional insureds is limited as provided herein:*

*. . .*

h.      *Real Property Owners, Managers Or Lessees For the Performance of Non-Construction Services*

*Any person or organization who owns of manages real property . . . but only with respect to the additional insured's liability resulting, in whole or in part, from:*

(1)     *Your acts of omissions; or*

(2)     *The acts of omissions of those acting on your behalf;*

*in the performance of your ongoing operations for the additional insured under the written contract or agreement.*

34.     Plaintiff Island is defending Peake & Levoy in the Underlying Lawsuit

to the limits and conditions of the Island Policy, subject to a full reservation of rights.

35.    Plaintiff Island has incurred, is incurring and will in the future incur and pay attorney's fees and costs, expert fees and costs and other expenses to defend Peake & Levoy in the Underlying Lawsuit.

## THE HISCOX CGL POLICY

36.    Upon information and belief, the Hiscox CGL Policy affords liability coverage to Peake & Levoy under *Commercial General Liability Coverage Form* Form CG 00 01 12 07 (hereinafter referred to as the "Hiscox Coverage Form").

37.    Upon information and belief, Peake & Levoy, LLC is the named insured under the Hiscox CGL Policy.

38.    Under information and belief, Bodily Injury and Property Damage liability coverage under the Hiscox CGL Policy is provided according to SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement of Hiscox Coverage Form which states in relevant part:

> a.    *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.   We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.   We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.*
>
> . . .

      *b.    This insurance applies to "bodily injury" and "property damage" only if:*

          *(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

          *(2)    The "bodily injury" or "property damage" occurs during the policy period; . . .*

39.    Upon information and belief Section V – Definitions of the Hiscox Coverage Form, defines "bodily injury", "occurrence" and "property damage" as follows:

      *3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*

      *. . .*

      *13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

      *. . .*

      *17.    "Property damage" means:*
      *a.    Physical injury to tangible property, including all resulting loss of use of that property.   All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
      *b.    Los of use of tangible property that is not physically injured.   All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

40.    Upon information and belief, Defendant Hiscox has denied coverage to Peake & Levoy under the Hiscox CGL Policy and refuses to defend or indemnify Peake & Levoy against the claims asserted against Peake & Levoy in the Underlying Lawsuit.

## HISCOX PL POLICY

41.    Upon information and belief, the Hiscox PL Policy affords professional liability coverage to Peake & Levoy under Section I. What is covered under the *Real Estate and Property Managers Professional Liability Coverage Part* ("Hiscox Coverage Part") as follows:

> *We will pay up to the coverage part limit for damages and claim expenses in excess of the retention for covered claims against you alleging a negligent act, error, or omission in your professional services performed for any property, whether or not owned by you, on or after the retroactive date . . .*

42.    Upon information and belief, *Section II. Coverage enhancements* of the Hiscox Coverage Part, states in relevant part as follows:

> *We will also make the following payments:*
> *Bodily injury/property damage sublimit*
> A.    *We will pay damages and claim expenses up to the limit stated in the Declarations for any claim against you for bodily injury and/or property damage, provided the claim is first made against you during the policy period, it directly results from your professional services performed on or after the retroactive date, and it is reported to us in accordance with Section V. Your obligations.*

43.    Upon information and belief, *Section IV. Defense and settlement of claims* of the Hiscox Coverage Part, states in relevant part as follows:

> *Defense*
> *We have the right and duty to defend any covered claim, even if such claim is groundless, false, or fraudulent.*

44.    Upon information and belief, Peake & Levoy, LLC is the named insured under the Hiscox PL Policy.

45.    Upon information and belief *Section VII. Definitions* of the Hiscox Coverage Part defines "bodily injury", "claim", "claim expenses", damages", "professional services", "property damage", "property management services" and "real estate services" as follows:

> *Body injury means physical injury, sickness, disease, or death sustained by a person, and any resulting humiliation, mental injury, mental anguish, emotional distress, suffering, or shock.*
>
> *Claim means any written assertion of liability or any written demand for financial compensation or non-monetary relief.*
>
> *Claim expenses means the following sums incurred in excess of the retention and with our prior written consent:*
> 1.    *all reasonable and necessary fees, costs, and expenses (including the fees of attorneys and experts) incurred in the investigation, defense, or appeal of a claim; and*
> 2.    *premiums on appeal bonds, attachment bonds, or similar bond, but we will have no obligation to apply for or furnish any such bonds.*
>
> *Damages means the following amounts incurred in excess of the retention:*

1.  *a monetary judgment or monetary award that you are legally obligated to pay (including pre- or post-judgment interest and awards of claimant's attorney fees); or*
2.  *a monetary settlement negotiated by us with your consent. Damages includes punitive damages to the full extent they are insurable under the law of any applicable jurisdiction that most favors coverage.*

*. . .*

*Professional services means:*
1.  *real estate services; and/or*
2.  *property management services*

*Property damage means physical damage to or destruction of any tangible property, including the resulting loss of use of that property.*

*Property management services means:*
1.  *development and implementation of management plans and budgets;*
2.  *oversight of physical maintenance of property;*
3.  *solicitation, evaluation, and securing of tenants, management of tenant relations, collection of rent, and processing evictions;*
4.  *development, implementation, and management of loss control and risk management plans for real property;*
5.  *development, procurement, implementation, and management and contracts and subcontracts necessary to the daily functioning of real property;*
6.  *personnel administration and record keeping;*
7.  *leasing services in connection with the property you are managing; and/or*
8.  *any other services identified as Covered Professional Services under the Real Estate and Property Managers Professional Liability Coverage Part section of the Declarations.*

*Property management services do not include the management or implementation of renovations or construction or reconstruction projects.*

*Real estate services means real estate agent, broker, and/or leasing services, including any services as notary public performed in conjunction with such real estate agent, broker, and./or leasing services, and any other services identified as Covered Professional Services under the Real Estate and Property Managers Professional Liability Coverage Part section on the Declarations.*

46.    Upon information and belief, Defendant Hiscox has denied coverage to Peake & Levoy under the Hiscox PL Policy and refuses to defend or indemnify Peake & Levoy against the claims asserted against Peake & Levoy in the Underlying Lawsuit.

47.    Defendant Hiscox has declined to participate in and contribute an equitable allocated share to the defense and indemnity that Plaintiff Island is providing to Peake & Levoy against the Underlying Lawsuit.

## <u>STATEMENT OF CLAIM</u>

48.    Paragraphs 1 through 47 of this Complaint are realleged as though fully set forth herein.

49.    An actual dispute has arisen and a justiciable conflict presently exists between Plaintiff Island and Defendant Hiscox concerning their respective rights and obligations under the respective Island Policy, Hiscox CGL Policy and Hiscox PL Policy.

50.    Upon information and belief, Defendant Hiscox contends that under the terms of the Hiscox Policies, Defendant Hiscox has no duties to defend and/or indemnify Peake & Levoy against the Underlying Lawsuit.

51.    The Hiscox CGL Policy as written provides primary coverage for the defense and indemnification of Peake & Levoy for damages for bodily injury and property damage caused by an occurrence during the Hiscox policy period.

52.    The Hiscox PL Policy as written provides primary coverage for the defense and indemnification of Peake & Levoy for claims against it for bodily injury and/or property damage resulting from its real estate and/or property management services.

53.    Defendant Hiscox breached its duties under the Hiscox Policies to defend and indemnify Peake & Levoy by refusing to defend Peake & Levoy, refusing to participate in the defense being provided by Plaintiff Island, and refusing to respond to repeated requests that Defendant Hiscox participate in and contribute to Peake & Levoy's defense in the Underlying Lawsuit.

54.    Coverage under the Hiscox Policies is primary thereby entitling Plaintiff Island to equitable contribution from Defendant Hiscox.

55.    Plaintiff Island is entitled to judgment in its favor as to each cause of action and claim for relief herein, including without limitation, judicial declarations

that Defendant Hiscox owes a duty to defend and indemnify Peake & Levoy, that Defendant Hiscox breached those obligations, and that as a result, Plaintiff Island has incurred a share of the defense of Peake & Levoy that is greater than its equitable share, thereby entitling Plaintiff Island to an award of monetary damages.

56.     Plaintiff Island is entitled to judgment in its favor as to each cause of action and claims for relief herein, including without limitation, judicial declarations that as a result of Defendant Hiscox breach of its obligations under the Hiscox Policies, Plaintiff Island will incur a share of the indemnification of Peake & Levoy that is greater than its equitable share, thereby entitling Plaintiff Island to contribution and/or reimbursement from Defendant Hiscox.

57.     Plaintiff Island is entitled to an award of attorney's fees and litigation expenses it has incurred, and continues to incur, in this present action to enforce Defendant Hiscox's duties under the Hiscox Policies.

58.     An actual and genuine controversy exists as to the rights and liabilities of the parties herein.

## COUNT I
### (Duty to Defend)

59.     Paragraphs 1 through 58 of this Complaint are realleged as though fully set forth herein.

60.     An actual dispute has arisen and a justiciable conflict presently exists between Plaintiff Island and Defendant Hiscox concerning their respective rights and obligations under the respective Island and Hiscox Policies in that Plaintiff Island contends Defendant Hiscox owes Peake & Levoy a duty to defend for claims, damages and other judicial relief sought in the Underlying Lawsuit, as such claims, damages and other judicial relief raise the potential for covered damages under the Hiscox Policies; whereas on information and belief Defendant Hiscox disagrees and contests such contentions.

61.     Plaintiff Island seeks a judicial determination of the respective rights and duties of Plaintiff Island and Defendant Hiscox, and a declaration that Defendant Hiscox owes Peake & Levoy a defense against the Underlying Lawsuit under the terms of either or both of the Hiscox Policies and that Defendant Hiscox breached its duty to defend by refusing to defend Peake & Levoy or participate in Peake & Levoy's defense with Plaintiff Island.

62.     Plaintiff Island has paid greater than its equitable share of the cost of defending Peake & Levoy in the Underlying Lawsuit.   Plaintiff Island is entitled to contribution from Defendant Hiscox to the extent Plaintiff Island has borne greater than its equitable share of Peake & Levoy's defense costs incurred in the Underlying Lawsuit.

63.    Defendant Hiscox has failed to pay any attorney's fees, expert fees, investigative costs and other defense costs incurred related to the defense of the claims asserted against Peake & Levoy in the Underlying Lawsuit, as required by the terms of the Hiscox Policies.

64.    Plaintiff Island is entitled to an award of money damages in the form of reimbursement of attorney's fees and costs, expert fees and costs, investigative and other defense costs that have been or will be incurred or expended by Plaintiff Island arising from or related to the defense of Peake & Levoy against the claims asserted against it in the Underlying Lawsuit.

## COUNT II
## (DUTY TO INDEMNIFY)

65.    Paragraphs 1 through 64 of this Complaint are realleged as though fully set forth herein.

66.    An actual dispute has arisen and a justiciable conflict presently exists between Plaintiff Island and Defendant Hiscox concerning their respective rights and obligations under the respective Island and Hiscox Policies in that Plaintiff Island contends Defendant Hiscox owes Peake & Levoy a duty to indemnify for claims, damages and other judicial relief sought in the Underlying Lawsuit, as such claims, damages and other judicial relief raise the potential for covered damages

under the Hiscox Policies; whereas on information and belief Defendant Hiscox disagrees and contests such contentions.

67.    Plaintiff Island seeks a judicial determination of the respective rights and duties of Plaintiff Island and Defendant Hiscox, and a declaration that Defendant Hiscox has a responsibility to indemnify Peake & Levoy against the Underlying Lawsuit under the terms of either or both of the Hiscox Policies and that Defendant Hiscox breached its duty to defend by refusing to defend Peake & Levoy or participate in Peake & Levoy's defense with Plaintiff Island.

68.    Plaintiff Island may be called upon to pay greater than its equitable share of the cost of indemnifying Peake & Levoy in the Underlying Lawsuit. Plaintiff Island is entitled to contribution and/or reimbursement from Defendant Hiscox to the extent Plaintiff Island may bear more than its equitable share of Peake & Levoy's defense costs incurred in the Underlying Lawsuit.

69.    Defendant Hiscox has failed to make any indemnification payments arising out of or related to the claims asserted against Peake & Levoy in the Underlying Lawsuit, as required by the terms of the Hiscox Policies.

70.    Plaintiff Island is entitled to an award of money damages in the form of reimbursement of any settlement or related indemnification payments that have been

or will be incurred or expended by Plaintiff Island arising out of or related to the claims asserted against it in the Underlying Lawsuit.

71.    On the basis of the foregoing, declaratory judgment is necessary and proper to determine the rights, obligations and liabilities, if any which exist to said parties under the Island Policy and Hiscox Policies to the claims set forth in the Underlying Complaint against Peake & Levoy.

WHEREFORE, Plaintiff Island prays for relief as follows:

A.    For a declaration by this Court that Defendant Hiscox is obligated to defend Peake & Levoy against the claims set forth in the Underlying Lawsuit.

B.    For a declaration that Defendant Hiscox breached its duty to defend by refusing and/or otherwise failing to defend Peake & Levoy or participate in its defense in the Underlying Lawsuit.

C.    The cost of defending Peake & Levoy in the Underlying Lawsuit should be borne by Plaintiff Island and Defendant Hiscox on an equal basis.

D.    For a money judgment against Defendant Hiscox in favor of Plaintiff Island in an amount to be proven at trial, equal to Defendant Hiscox's equitable allocated share of the cost of defending Peake & Levoy against the claims of the Underlying Lawsuit.

E.　For a declaration by this Court that Defendant Hiscox is obligated to indemnify Peake & Levoy against the claims set forth in the Underlying Lawsuit.

F.　 For a declaration that Defendant Hiscox breached its duty to indemnify by refusing and/or otherwise failing to indemnify Peake & Levoy or participate in efforts to settle the claims asserted against Peake & Levoy in the Underlying Lawsuit.

G.　For a money judgment against Defendant Hiscox in favor of Plaintiff Island in an amount to be proven at trial, equal to Defendant Hiscox's equitable allocated share of the amount(s) to indemnify Peake & Levoy against the claims set forth in the Underlying Lawsuit.

H.　For a money judgment against Defendant Hiscox in favor of Plaintiff Island in an amount to be proven at trial, sufficient to reimburse Plaintiff Island for Defendant Hiscox's equitable allocated share or any and all attorney's fees and costs, expert fees and costs, investigative and other costs, and any and all payments made by Plaintiff Island to indemnify Peake & Levoy against claims arising out of or related to Plaintiff Island's defense and indemnification of Peake & Levoy in the Underlying Lawsuit.

I.　For the interest for the amounts expended by Plaintiff Island to defend and indemnify Peake & Levoy in the Underlying Lawsuit, as well as any other

amount that may be awarded in favor of Plaintiff Island and against Defendant Hiscox.

J.      That Plaintiff Island be entitled to recover from Defendant Hiscox some or all of the attorney's fees and costs expended in having to bring this action.

K.      That Plaintiff Island be entitled to such other and further relief as this Court deems just and proper under the circumstances of this case.

DATED:      Honolulu, Hawai`i, July 2, 2025.


   /s/ Leah M. Reyes
LEAH M. REYES

Attorney for Plaintiff
ISLAND INSURANCE COMPANY, LTD.

25